NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 04-CV-867(DMC) |
| | : | |
| K.S.I. TRADING CORPORATION and ASTRO AUTOMOTIVE, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion of Plaintiff Royal Insurance Company

for summary judgment against Defendants KSI Trading Corporation & Astro Automotive, and a

cross-motion for summary judgment by Defendants against Plaintiff.  Oral argument was heard in

this matter on December 14, 2005.  For the following reasons, Plaintiff's motion for summary

judgment is granted, and Defendants' motion for summary judgment is denied.

## I. BACKGROUND

*Procedural History*

On February 24, 2004, Plaintiff Royal Insurance Corporation ("Royal") filed a Complaint

for Declaratory Judgment against Defendants KSI Trading Corporation and Astro Automotive

(collectively "KSI").  KSI filed an Answer and Counterclaims on April 1, 2004.  Royal filed an

Answer to KSI's Counterclaims on April 20, 2004.  On May 12, 2004, KSI filed a Third Party

Complaint against The LIG Insurance Agencies, Jeffrey Joiner, and James Barrett (collectively "LIG").  LIG filed an Answer to the Third Party Complaint on June 2, 2004.

On June 13, 2005, Royal filed a motion for summary judgment against KSI.  On that same date, KSI cross-moved against Royal for summary judgment.  This Court heard oral argument on these summary judgment motions on December 14, 2005.

*Factual History*

The following facts are taken from statements of facts submitted by Royal and KSI in conjunction with the filing of their motions for summary judgment.  Royal, an Illinois corporation, is in the business of writing marine cargo insurance policy.   KSI, a New Jersey corporation, is a wholesale distributor of after-market auto body parts that purchases inventory from both domestic and international suppliers.  KSI maintains various warehouse locations throughout the country to hold inventory until sold.  On or around July 1, 1999, Royal and KSI entered into an insurance contract based on a quotation for coverage issued to KSI by Royal dated May 19, 1999.  Sometime after the coverage was bound, Royal issued Marine Open Cargo Policy No. POC 102991, covering KSI and certain subsidiaries including Defendant Astro.  The policy renewed automatically on an annual basis until the parties cancelled the policy effective July 1, 2003.

A fire at a warehouse in Franklin, Massachusetts on April 1, 2003 resulted in a significant loss of KSI inventory.  At that time, Astro was a leasehold tenant of the Franklin warehouse and had been using it to store inventory it purchased from both international and domestic sources.  KSI claims that the inventory destroyed or ruined by fire was in excess of the $2.5 million limit scheduled for the Franklin warehouse under KSI's insurance policy with Royal.

2

KSI submitted a claim to Royal for its loss of inventory pursuant to the Warehouse Storage Insurance section of the Policy.  By letter dated March 9, 2004, Royal disclaimed coverage for that portion of the loss related to merchandise acquired by KSI from domestic sources.  In that same letter, Royal estimated the net value of KSI's loss to be $768,766.10, which Royal calculated to be the value of the destroyed inventory from international sources, less salvage and a $5,000.00 deductible.  KSI rejected Royal's offer and seeks coverage for the full amount of the policy coverage.

The Policy at issue consists of three sections.  Section I, captioned "Ocean Cargo", states "This Policy, covers...shipments of lawful goods and merchandise consisting principally of MERCHANDISE INCIDENTAL TO THE ASSURED'S BUSINESS, CONSISTING PRINCIPALLY OF AUTOMOBILE PARTS."  (See Royal SOF, Exhibit A, Sect. I, ¶2-3).  The policy further states that "this policy covers Property Insured at and from ports and/or places in the world to ports and/or places in the world excluding shipments originating in the United States or Canada for shipment to destinations in the Continental United States or Canada."  Id. at ¶5.

Section III of the policy, captioned "Warehouse Storage Insurance", states:

It is understood and agreed, that subject to terms and conditions which do not conflict with the provisions set forth herein, this Policy is extended to cover property insured under Section I which is the property of the Assured or the property of others from whom the Assured has written instruction to insure which temporarily stored in warehouses at located listed in the attached Schedule.

(See Royal SOF, Exhibit A, Sect. III, ¶1).

Based on a reading of the above relevant parts of the Policy, both KSI and Royal maintain that they are entitled to summary judgment as to coverage.  Royal maintains that the Warehouse Section of the Policy only covers goods that originated overseas, and does

not cover goods that originated domestically.  KSI, on the other hand, argues that the Policy covers all of KSI's inventory, regardless of origin.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  The moving party bears the burden of showing that there is no genuine issue of fact and it must prevail as a matter of law, or that the non-moving party has not shown facts relating to an essential element of the issue for which he bears the burden. Celotex, 477 U.S. at 331.  If either showing is made then the burden shifts to the non-moving party, who must demonstrate facts which support each element for which he bears the burden and must establish the existence of genuine issues of material fact. Id.  The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, Fed.R.Civ.P. 56(e), but must produce sufficient evidence to support a jury verdict in his favor. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

## III. ANALYSIS

The main issue to be decided in the cross-motions is whether domestically acquired goods were covered under the Policy.  Because this is an issue of contract interpretation, and there are no underlying material facts in dispute, it is properly the basis of summary judgment.  See McMillan v. State Mut. Life Assurance Co of Am., 922 F.2d 1073, 1074 (3d Cir. 1990); Little v. MGIC Indemnity Corporation, 836 F.2d 789, 792

4

(3rd Cir.1987).

Courts generally apply state law when interpreting the language of marine insurance policies.  See, Wilburn Boat Co.v. Fireman's Fund Ins. Co., 348 U.S. 310, 321, (applying Texas law to interpret a marine insurance policy); Advani Enterprises, Inc. v. Underwriters at Lloyds, 140 F.3d 157, 162 (2d Cir.1998) (applying English law); Bank of San Pedro v. Forbes Westar, Inc., 53 F.3d 273, 275 (9th Cir.1995) (applying California law).  Here, the parties do not dispute that New Jersey law applies to the interpretation of this Policy.

In New Jersey, the terms of an insurance policy, absent ambiguity, should be given "their plain ordinary meaning." Zacarias v. Allstate Ins. Co., 168 N.J. 590 (2001). Having reviewed the sections in dispute in the instant action, namely Sections I and III, the Court does not find that the policy is ambiguous and as such, will accord the disputed sections their plain meaning.

KSI filed its claim for losses under the Warehouse Storage Insurance, or Section III.  Section III clearly states, in Paragraph 1, that it is extended to cover all property insured under Section I which is the property of the Assured.  As such, it is necessary to turn to Section I to determine what exactly is encompassed by property insured under Section I.  Turning to Section I, the Court notes that Paragraph 3 states that "this policy covers...shipments of lawful goods and merchandise consisting of principally of Merchandise Incidental to the Assured's Business, Consisting Principally of Automobile Parts."  Continuing to read Section I, the Court notes that Paragraph 5 further states that

"this policy covers Property Insured at or from ports and/or places in the world to ports and/or place in the world **excluding** shipment originating in the United States..."

In sum, after a review of Sections I and III, the Court finds that Section III is an extension of Section I. Section III, Warehouse Storage Insurance is clearly read as applying to goods insured under Section I. Section I goods are merchandise incidental to the assured's business, with the exclusion of domestically originating shipments. In other words, only goods acquired internationally are covered.

In light of the above, the Court finds that only internationally acquired goods are covered by the Policy. As such, Royal's motion for summary judgment must be granted, and KSI's motion for summary judgment must be denied.

## IV.CONCLUSION

In light of the above, Plaintiff Royal Insurance Company of America's motion for summary judgment is **granted**. Defendants KSI and Astro-Automotive's motion for summary judgment is **denied**.

S/ Dennis M. Cavanaugh

Dennis M. Cavanaugh, U.S.D.J.

Date:      February 17, 2006
Original: Clerk's Office