NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff | : : : | **OPINION** |
| v. | : : | Civil Action No. 04-CV-867(DMC) |
| K.S.I. TRADING CORPORATION and ASTRO AUTOMOTIVE, INC., | : : : | |
| Defendants. | : : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

      This matter comes before the Court upon the joint motion of Defendants KSI Trading Corporation and Astro Automotive, Inc. ("KSI") and Third Party Defendants LIG Insurance Agency, Inc. to amend the Court's interlocutory Order granting Plaintiff Royal Insurance Company's motion for summary judgment and denying Defendant KSI's motion for summary judgment and to certify it for immediate appeal pursuant to 28 U.S.C. § 1292(b). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that Defendants' motion is **granted in part** and **denied in part.**

### I. BACKGROUND

      Plaintiff Royal Insurance Corporation ("Royal") filed a Complaint on February 24, 2004, seeking declaratory judgment against Defendants KSI Trading Corporation and Astro

Automotive (collectively "KSI").  KSI filed an Answer on April 1, 2004, wherein it asserted counterclaims against Royal for breach of contract, fraud, unjust enrichment and bad faith.  Royal filed an Answer to KSI's Counterclaims on April 20, 2004.  On May 12, 2004, KSI filed a Third Party Complaint against The LIG Insurance Agencies, Jeffrey Joiner, and James Barrett (collectively "LIG").  LIG filed an Answer to the Third Party Complaint on June 2, 2004.  On August 11, 2004, pursuant to the permission of the Hon. Mark Falk, U.S.M.J., KSI filed an Amended Answer and Amended Counterclaims, including additional counterclaims for breach of the implied covenant of good faith and fair dealing, and reformation based on fraud, and reformation based upon mutual mistake.  Royal filed an Amended Answer/Reply to KSI's Counterclaims on October 12, 2004.  Pursuant to the Order of Judge Falk, discovery was closed on May 30, 2005.  On June 13, 2005, Royal filed a motion for summary judgment against KSI seeking a declaration that the insurance policy in question only covered goods that originated overseas and did not cover goods that originated domestically.  On that same date, KSI cross-moved against Royal for summary judgment on its counterclaim for breach of contract on the ground that no genuine issue of material fact existed with respect to Royal's obligation to indemnify KSI under the insurance policy.  On February 17, 2006, this Court issued an Opinion and Order granting Royal's motion for summary judgment and denying KSI's motion for summary judgment, finding that only those goods acquired internationally properly fell under the policy in question.

    KSI and LIG (collectively "Defendants") filed a joint motion to alter this judgment on March 6, 2006, to which Royal has filed opposition.  In the motion, Defendants ask this Court to amend its February 17, 2006 Opinion and Order to state that Defendants' reformation

counterclaims have not been dismissed, and to include a certificate of appealability.

## II. DISCUSSION

### A. Viability of Reformation Claims

In its February 17, 2006 Opinion and Order, this Court found that only internationally acquired goods were covered under the Marine Open Cargo Policy issued by Royal to KSI. As such, the Court granted summary judgment in favor of Royal, who had moved for a declaratory judgment that as a matter of law the insurance policy in question only covered goods that originated overseas and did not cover goods that originated domestically. In making this determination, the Court denied summary judgment to KSI on their breach of contract counterclaim, it being axiomatic that if the Policy did not cover goods acquired internationally, Royal had not breached its contract to KSI by failing to indemnify KSI for internationally acquired goods.

KSI moves for amendment of the February 17, 2006 Opinion and Order to include a statement that KSI's reformation counterclaims are not dismissed. Royal opposes this request, arguing that by failing to raise the reformation defenses in the summary judgment motions, KSI waived these defenses and cannot pursue them in the guise of a motion to alter a judgment.

In its Amended Answer and Amended Counterclaims, KSI asserts two counterclaims against Royal for reformation of the Contract. The first reformation counterclaim sounds in fraud and alleges that Plaintiff represented to Defendants' agents that the policy to be issued would cover all inventory stored in Defendants' warehouses, that at the time the representations were made, Plaintiff either willfully knew they were false, or recklessly made them by willfully

disregarding their truth or falsity, and that Defendants relied upon these statements to their detriment.  As a result, Defendants allege, the Policy does not reflect the parties' intended agreement, and under a theory of reformation, the Policy should be reformed by the Court to reflect the intent of the parties with respect to the coverage provided by the policy for KSI such that Plaintiff's will indemnify Defendants for the full value of their loss in conformance with the requirements of the Policy.  Defendants' second counterclaim for reformation is based on mutual mistake, and alleges that at the time the Policy was issued by Plaintiff to Defendant, both Plaintiff and Defendant intended that the policy would cover all of Defendants' inventory stored at the warehouse.  Royal denies both counterclaims in its Reply/Answer.

This Court made no findings with respect to the strength or viability of the reformation counterclaims in its February 17, 2006 Opinion.  Rather, it only considered the discrete issue of whether: "domestically acquired goods were covered under the Policy."  (See Opinion, February 17, 2006 at 4.)  As for this case being "terminated" on February 17, 2006, that action was a result of a computer clerical error, and was quickly remedied upon its discovery on March 8, 2006.  Thus, despite Royal's arguments to the contrary, KSI may pursue its Seventh and Eight Counterclaims for reformation of the contract.  However, KSI's other counterclaims for breach of contract, fraud, unjust enrichment, bad faith, breach of the implied covenant of good faith and fair dealing, and violation of the Massachusetts Consumer Protection Act, are properly dismissed because they are mooted by the Court's finding that Royal has no obligation to indemnify KSI under the plain language of the Policy.  The current state of these counterclaims will be clarified in the Order that accompanies the instant Opinion.

**B. Statement Pursuant to 28 U.S.C. §1292(b)**

Defendants ask this Court to certify its February 17, 2006 non-final Opinion and Order granting Royal's summary judgment motion for immediate appeal.  Pursuant to 28 U.S.C. § 1292(b), a district court may certify for immediate appeal an otherwise non-appealable order, if it is satisfied "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  The statute imposes three requirements before certification may be granted.  The order to be certified must (1) involve a controlling question of law; (2) offer substantial ground for difference of opinion; and (3) have the potential to materially advance the ultimate termination of the litigation, if appealed immediately.  See Katz v. Carte Blanche Corp., 496 F.2d 747, 753 (3d Cir.1974); P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F.Supp.2d 355, 358 (D.N.J.2001).  Certification is entirely within the district court's discretion even if the three criteria are met; indeed, courts have acknowledged that "certification is appropriate only in exceptional cases." Piazza v. Major League Baseball , 836 F.Supp. 269, 270 (E.D.Pa.1993) (internal quotations and citations omitted); see also Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir.1976).

**1. Controlling Question of Law**

In the Third Circuit, a controlling issue of law is one that if erroneously decided, would result in reversible error on final appeal. Katz, 496 F.2d at 755.  Controlling means "serious to the conduct of the litigation, either practically or legally."  Russ-Tobias v. Penn. Bd. of Prob. and Parole, No.04-0270, 2006 WL 516771, *33 (E.D. Pa. Mar. 2, 2006), citing Katz, 496 F.2d at 756.

On a practical level, saving time for the District Court, or expense to the litigants, are both considered highly relevant factors. Id.  Defendants argue that this Court's February 2006 Order involves the controlling question of law of whether the Court correctly interpreted the Royal policy in accordance with New Jersey law. (Def. Br. in Supp. of Mot. to Amend Judgment ("Def. Br.") at 5).  If the Court of Appeals were to determine that the policy should be interpreted in favor of KSI as a policyholder, final judgment would be entered in favor of KSI, KSI's counterclaims would be dismissed, and the need for a possible trial on the counterclaims for reformation would be eliminated.  Therefore, Defendants have shown that this Court's February 17, 2006 Order denying Defendant's motion to dismiss contains a controlling issue of law.

**2. Substantial Ground for Difference of Opinion**

A substantial ground for difference of opinion exists when there is a genuine doubt or conflicting precedent as to the correct legal standard.  Bradburn Parent Teacher Store, Inc. v. 3M, No. 02-7676, 2005 WL 1819969, at *3 (E.D. Pa. Aug. 2, 2005).  To show that a substantial ground for difference of opinion exists, a moving party must demonstrate that the court applied one legal standard and that "other courts have substantially differed in applying that standard." Harter v. GAF Corp., 150 F.R.D. 502, 518 (D.N.J. 1993).

Here, Defendant argues that a substantial ground for difference of opinion exists as to the correctness of the Court's ruling.  Defendants contend that the Court was required to construe the insurance policy in accordance with the expectations of the insured under New Jersey law, and that it therefore erred in failing to do so.  Indeed, "when there is ambiguity in an insurance contract, courts interpret the contract to comport with the reasonable expectations of the

-6-

insured". <u>Meier v. N.J. Life Ins. Co.</u>, 101 N.J. 597, 671 (1986).  Furthermore, as Defendants point out in their moving papers, "if an insurance policy's terms are capable of supporting two distinct outcomes as to whether there is coverage, the subject language must be interpreted in favor of the insured." <u>Customized Distribution Services v. Zurich Insurance Company</u>, 373 N.J. Super 480, 488 (App. Div. 2004)(internal citations omitted).  However, as this Court noted in its February 2006 Opinion, under prevailing New Jersey law the terms of an insurance policy, absent ambiguity, should be given "their plain ordinary meaning." <u>Zacarias v. Allstate Ins. Co.</u>, 168 N.J. 590 (2001).  The Court determined the policy at issue to be unambiguous in its terms, and wholly incapable of supporting two distinct outcomes.  Therefore, the Court was not required to consider it in terms of the insured's expectations.   Defendants have failed bring to this Court's attention any decisions where New Jersey courts have applied a substantially different standard in interpreting a contract of this kind.  As such, the Court finds Defendant has failed to satisfy this requirement under 28 U.S.C. § 1292(b).

**3. Whether Appeal will Materially Advance the Termination of this Litigation**

Due to the fact that Defendants failed to satisfy the second requirement, there is no reason to continue with this part of the analysis.  All three requirements must be satisfied for a court to certify an issue for appeal.  Therefore, the Court will not address this issue.

### III. CONCLUSION

For the reasons stated, KSI's Counterclaims One through Six are dismissed and its Seventh and Eight Counterclaims for reformation remain viable. The Court also finds that Defendants have failed to satisfy the requirements set forth in 28 U.S.C. § 1292(b) for this Court to certify its appeal. Therefore, Defendants' motion is **granted in part** and **denied in part**. An appropriate Order accompanies this Opinion.

    S/   Dennis M. Cavanaugh
    Dennis M. Cavanaugh, U.S.D.J.

Date:         June 16, 2006
Original:    Clerk's Office