NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROYAL INSURANCE COMPANY OF AMERICA | : | **Hon. Dennis M. Cavanaugh** |
|  | : |  |
| Plaintiff/Counterclaim Defendant, | : | **OPINION** |
|  | : | Civil Action No. 04-cv-867 (DMC) |
| v. | : |  |
|  | : |  |
| K.S.I. TRADING CORPORATION and ASTRO AUTOMOTIVE, INC., | : |  |
|  | : |  |
| Defendant/Counterclaim Plaintiffs. | : |  |
|  | : |  |
| K.S.I. TRADING CORPORATION and ASTRO AUTOMOTIVE, INC. | : |  |
|  | : |  |
| Third-Party Plaintiffs, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| THE LIG INSURANCE AGENCIES, JEFFREY JOINER and JAMES BARRETT, | : |  |
|  | : |  |
| Third-Party Defendants. | : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon motion by Plaintiff Royal Insurance Company of America ("Royal") to dismiss Defendants K.S.I. Trading Corporation ("KSI") and Astro Automotive, Inc.'s ("Astro") (collectively "Defendants") reformation of contract counterclaims. Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After

carefully considering the submissions of the parties, and based upon the following, it is the finding

of this Court that Plaintiff's motion to dismiss Defendants' counterclaims is **granted**.

I.     BACKGROUND

    A.     **Factual Background**

On or around July 1, 1999, Royal and KSI entered into an insurance contract based on a

quotation for coverage issued to KSI by Royal dated May 19, 1999.  Sometime after the coverage

was bound, Royal issued Marine Open Cargo Policy No. POC 102991, covering KSI and certain

subsidiaries including Defendant Astro.  Third Party Defendant Jeffrey Joiner ("Joiner") of the LIG

Insurance Agencies ("LIG") acted as the insurance broker in securing the Policy on behalf of KSI.

(Pl. SOMF ¶ 13.)  After Joiner and KSI reviewed an insurance quote from Royal, Joiner ordered

Royal to bind coverage.  (Pl. SOMF ¶ 15, 17.)

Royal contends that it never intended to provide warehouse coverage for KSI's goods of

domestic origin, and that KSI only wanted insurance on goods that originated overseas.  (Pl. SOMF

¶ 12, 10.)  Royal also alleges that Joiner could not recall either specifically telling Royal that the

Policy should provide warehouse storage coverage for KSI's domestic origin goods, or having any

conversation regarding the coverage provided by the Policy before delivering the Policy to KSI.  (Pl.

SOMF ¶ 14, 20.)  Finally, Royal alleges that Joiner reviewed the section of the Policy dealing with

warehouse storage and never questioned it.  (Pl. SOMF ¶ 19, 21.)

On the other hand, KSI asserts that Royal's underwriter, Peter Goheen ("Goheen"), admitted

that he was aware that KSI purchased inventory from both domestic and foreign suppliers.  (Defs.

Opp'n. Br. 5.)  Additionally, KSI claims that the insurance quote Royal issued to Joiner prior to the

issuance of the Policy did not have any restrictions on Warehouse coverage due to the origin of

KSI's merchandise.  (Defs. Opp'n. Br. 6.)  Lastly, Joiner maintains that he spoke to Goheen about "worldwide coverage" and that KSI wanted all of its merchandise covered until delivery to the customer, leading Joiner to believe he had procured warehouse coverage for all of KSI's merchandise.  (Defs. Opp'n. Br. 10.)

### B. Procedural Background

Royal moved for summary judgment on June 13, 2005, seeking a declaration that the Policy it issued to KSI does not provide warehouse storage coverage for KSI's domestic origin goods.  (Pl. SOMF ¶ 1).  This Court entered summary judgment on February 17, 2006 in favor of Royal, ruling that the Policy language is clear and provides warehouse coverage only for KSI's internationally acquired goods only.  (Pl. SOMF ¶ 2).  On March 6, 2006, KSI moved to alter this Court's ruling.  (Pl. SOMF ¶ 3).  On June 16, 2006, this Court reaffirmed its decision granting summary judgment and dismissed KSI's First through Sixth Counterclaims for breach of contract, fraud, unjust enrichment, bad faith, breach of the implied covenant of good faith and fair dealing, and violation of the Massachusetts Consumer Protection Act.  (Pl. SOMF ¶ 5).  However, this Court's Opinion did not address the Seventh and Eighth Counterclaims.  (Pl. SOMF ¶ 5.)  Royal now seeks summary judgment as to these remaining counterclaims.

### C. The Seventh and Eighth Counterclaims

The two reformation of contract counterclaims - one based on fraud (Seventh Counterclaim) and one based on mutual mistake (Eighth Counterclaim) - are the subject of this motion.  KSI's fraud reformation counterclaim alleges that "[Royal] knowingly or negligently made misrepresentations to defendants' agents [including Joiner] with respect to the coverage provided by the Policy for KSI." (Defendant's Amended Answer ["Defs. Am. Answer"] ¶ 48.)  Allegedly, Royal "verbally and in

writing represented to [D]efendants' agents, including Jeffrey Joiner and James Barrett, that the [P]olicy to be issued would cover all inventory stored in [KSI]'s warehouses, and not just inventory purchased from foreign sources."   (Defs. Am. Answer ¶ 49.)   As a result of these alleged misrepresentations, KSI alleges that the Policy does not reflect the parties' intended agreement to provide warehouse storage coverage for all of KSI's inventory, not just internationally acquired goods.  (Defs. Am. Answer ¶ 52.)  Therefore, Defendants seek to reform the contract to reflect this alleged intent.  (Defs. Am. Answer ¶ 54.)

KSI's mutual mistake reformation claim alleges that both Royal and KSI "intended that the Policy provide coverage for all of [D]efendants' inventory stored at the Warehouse." (Defs. Am. Answer ¶ 57).  Since the contract allegedly does not reflect the intention of the parties, KSI seeks to have the contract reformed.  (Defs. Am. Answer ¶ 58, 59).

## II.   STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  The moving party bears the burden of showing that there is no genuine issue of fact.  Id.  "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party."  Id.  The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor.  Fed. R. Civ. P. 56(e); see also Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).  However, "[i]n determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party."  Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000) aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

## III.  DISCUSSION

### A.  Reformation of Contract due to Fraud

Relying on the "law of the case" doctrine, Royal seeks dismissal of KSI's Seventh Counterclaim seeking reformation of the contract due to fraud on the part of Royal.  The "law of the case" doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  Arizona v. California, 460 U.S. 605, 618 (1983).  The law of the case doctrine also extends "not only to issues discussed by the court in the prior appeal, but also to issues decided by necessary implication."  Todd & Co., Inc. v. S.E.C., 637 F.2d 154, 157 (3d Cir. 1980) (citing Lehrman v. Gulf Oil Corp., 500 F.2d 659, 662-663 (5th Cir. 1974)).  Consequently, the doctrine serves the judicial system's interest in finality and efficiency by helping to prevent endless litigation on one given issue.  Id. at 156-57.

In the instant matter, the law of the case doctrine requires dismissal of KSI's counterclaim for reformation of the contract due to fraud.  In KSI's Second Counterclaim alleging fraud,

Defendant claims that Royal "knowingly or negligently made misrepresentations to [D]efendants with respect to the coverage provided by the Policy for K.S.I. and/or Astro's inventory." (Defs. Am. Answer ¶ 30.)  The Second Counterclaim also alleges that Royal "intended and understood that defendants would rely on such misrepresentations and defendants reasonably relied upon [Royal's] representations to their detriment." (Defs. Am. Answer ¶ 33.)  KSI's Seventh Counterclaim accuses Royal of the same fraudulent behavior, even using precisely the same language. (Defs. Am. Answer ¶ 48, 51.)  The only difference is the relief sought: the Second Counterclaim seeks money damages whereas the Seventh seeks to reform the Policy to provide the desired insurance coverage.  This Court has already concluded that Defendants are not entitled to money damages due to any fraud on the part of Plaintiffs; thus, the "law of the case" doctrine compels a finding that Defendants' request to reform the contract based on fraud must also be denied.  In other words, dismissal of the Seventh Counterclaim is necessarily implied by this Court's previous dismissal of the Second Counterclaim. Accordingly, pursuant to the "law of the case" doctrine, the Seventh Counterclaim must be dismissed.

**B.      Reformation of Contract due to Mutual Mistake**

To reform the contract on the basis of mutual mistake, KSI must prove by clear and convincing evidence that a mutual mistake occurred.  See Countryside Oil Co. v. Travelers Ins. Co., 928 F. Supp. 474, 485 (D.N.J. 1995).  Reformation constitutes a "recognition that the scrivener has failed to express accurately what the parties themselves intended" and is a "correction of that failure." Aarvig v. Aarvig, 248 N.J. Super. 181, 186 (Ch. Div. 1991).  "New Jersey law also requires reformation for mutual mistake that the minds of the parties have met and reached a prior existing

-6-

agreement, which the written document failed to express." <u>Bonnco Petrol., Inc. v. Epstein</u>, 115 N.J. 599 (1989) (citing <u>St. Pius X House of Retreats v. Diocese of Camden</u>, 88 N.J. 571, 577 (1982)). Thus, in order for this Court to reform the contract for mutual mistake, the parties' minds must have met on the issue of warehouse storage coverage for KSI's domestic origin goods.

In this case, the testimony of Royals' underwriter, Goheen, indicates that he understood that KSI wanted insurance for international goods only.  (Pl. SOMF, Ex. D (Goheen Dep.) at 63:8-16; 147:17-148:20.) Plaintiffs have produced clear evidence of their intent to provide coverage for KSI's international goods only.  This proof establishes that Defendant's mistake was one-sided.  Defendant has failed to produce clear and convincing evidence that the parties were in mutual understanding regarding the coverage of domestic goods.  Accordingly, Plaintiffs' motion to dismiss Defendants' Eighth Counterclaim is granted.

## IV.   CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff Royal's motion to dismiss Defendants' counterclaims is **granted**.  An appropriate Order accompanies this Opinion.


 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:          August,   22   2007
Orig.:         Clerk
cc:            Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File